JESÚS MANUEL SANTOS, Plaintiff and Appellant, v. RAFAEL RAMOS COBIÁN ET AL., Defendants and Appellees.

No. 65. Decided February 2C, 1963.

P. Roldán Figueroa and Daisy Ruiz de Roldán for appellant. Germán Rieckehoff, Ramón H. Vargas, and Elí B. Arroyo for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

On January 6, 1958, appellant Jesús Manuel Santos, a fourteen year old minor went to "El Rancho" Hotel, which belonged to appellee Rafael Ramos Cobián and hired a horse owned by the latter for an hour, paying the sum of $2.00. Ten minutes after the minor had been enjoying his ride on horseback, and while he was dismounting to go across a ditch, the animal threw him off and bit him twice in the back. He was given medical attention at the Municipal Hospital in Aguas Buenas, at the Municipal Hospital in Caguas, and at Clínica San Rafael. As a result of the injuries suffered in the aforesaid accident, the minor appellant missed a week of school, and was bedridden for several days, unable to move his arm for three days. He suffered a slight infection in the affected area which produced him intense physical pain. The bites produced an inflammation which lasted two weeks. As a result, appellant bears a scar. The District Court, Caguas Part, assessed compensation in one thousand dollars for the physical and mental damages caused appellant in the above-mentioned manner. Nevertheless, said court rendered judgment dismissing the complaint on the ground that the doctrine laid down in *Serrano* v. *López*, 79 P.R.R. 922 (1957) strictly applied to the case. On appeal, the Superior Court, Caguas Part, affirmed said judgment deciding that:

"This court believes that the civil liability established by the aforesaid section [§ 1805 of the Civil Code, 1930 ed.— 31 L.P.R.A. § 5144] falls upon the owner of an animal or the one who uses same, in the benefit or protection of a third person distinct from them. It is evident that liability is predicated on a disjunctive or alternative manner in such a way that the owner's liability ceases when that of the user begins.

"There is no doubt that plaintiff was using the horse belonging to defendant at the moment of the accident. It is irrelevant

that the owner was also making use of the animal in the indirect way presupposed by the section. When the owner transferred the control and direction of the animal to the one who hired it, he eliminated the connection produced by the liability mentioned in the section copied above, even though he circumstantially continued serving himself of the horse.

"If under this section the owner is not liable to others when he transfers the use of the animal, there should be no doubt that under this legal provision his liability also ceases respecting the one who obtains the enjoyment and use of the aforesaid animal."

Feeling aggrieved by this judgment appellant has filed this petition for certiorari maintaining that the trial court committed three errors of law: (1) in interpreting § 1805 of the Civil Code "in the sense that the one who served himself of the animal was plaintiff himself"; (2) in deciding that there was a lease contract between plaintiff and the defendant under § 1432 of the Civil Code; and (3) in deciding as a matter of law that the allegations and the evidence did not support the claim under any theory of law.

Since there is no evidence whatsoever in the record of this case to indicate the guilt or negligence of the appellee, owner of the horse in question (§ 1802 of the Civil Code —31 L.P.R.A. § 5141—), or that the owner and lessor knew of the animal's vices or defects and did not make them known to the vendee (§§ 1443 and 1375 of the Civil Code—31 L.P.R.A. §§ 4038 and 3843—), necessarily, the claim can only be sustained under the provisions of § 1805 of the Civil Code—31 L.P.R.A. § 5144—which reads as follows:

"The possessor of an animal, or the one who uses the same, is liable for the damages it may cause, even when said animal should escape from him or stray.

"This liability shall cease only in case the damage should arise from *force majeure* or from the fault of the person who may have suffered it."

In the case of Serrano we stated: "In principle, the basis of such liability [that provided by the aforesaid § 1805] rests

on a presumption of fault for lack of vigilance," and we added that the rational basis of the aforesaid section is a presumption of liability arising from the right of the possessor or of the person who uses the animal to supervise and control it, and from the correlative duty of exercising such right with due precaution to prevent the infliction of damage on another. We cited, besides, the decisions of this Court and commentaries of textwriters to the effect that the owner's liability continues when he has surrendered the physical custody of the animal to an employee and even if he makes use of the animal through that employee, but ceases when he actually delivers the animal to be used by another as in the case of a lease, loan, contract of *aparcería*, etc., or when he transfers the possession of the animal to another.

BORRELL MACIÁ, in the 1958 edition of his work entitled *Responsabilidades Derivadas de Culpa Extracontractual Civil* 282–285, adds that when liability arises between the owner and the persons who temporarily take care of the animal, through pay, such as the innkeeper or veterinarian, the former should not be liable for the damage caused by the animal to the latter "since it concerns ... a damage caused while complying with a contract ... and they are hazards of the trade ..." But he should be liable for the damage caused to third persons since it cannot be said that the innkeeper or veterinarian make use of the animal. The same result should be obtained in the case of one who spontaneously becomes a guardian without pay like the person who takes in a stray animal.

■■ The Judgments of October 19, 1909 (116 *Jur. Civ.* 120) and December 23, 1952 (40 *Jur. Civ.*, New Series, 1066) of the Supreme Court of Spain state, pursuant to the provisions of § 1905 of the Spanish Civil Code, equivalent to our § 1805, that the liability of the owner of an animal for the damages it may cause arises even when guilt or negligence are not attributed to the former. Borrell Maciá

points out in his above-mentioned work that in these cases there is a presumption *juris et de jure* and that consequently, it prevents the owner of the animal from showing the lack of his guilt or negligence.

In the case of Serrano it was sought to determine the liability for damages caused by a cow who attacked and fractured the tibia and the fibula of the right leg of a person who jumped over a wire fence which was the boundary line between the property of another person and a road, in order to save a child from being gored by said cow. It was decided that the owner of the animal was not liable because two years before, he had transferred the possession of the cow to the owner of the farm, who was using the animal pursuant to a contract by which the owner of the animal retained owner-ship thereof, but the owner of the farm assumed the obliga-tion of caring for it, keeping and feeding it, and obtained the exclusive right of possessing and using it, and only in case of a sale the profit was to be divided equally between the parties.

Appellant alleges that the rule laid down in the case of Serrano, does not constitute ground to decide the case at bar because the circumstances of each case are different since (a) the horse in the case at bar was in the minor's care for only a few minutes, while in *Serrano*, the animal was in the care and custody of the owner of the farm for two years; (b) the minor did not assume any obligation to care for and keep the animal, an obligation which the owner of the farm in the case of Serrano assumed by contract; (c) in the case at bar, the injured party was a minor, and as such, no contract could exist between him and the owner of the horse, while in the case of Serrano, the rights and obligations of the parties were governed by the provisions of a contract between the parties which was effective at the moment of the incident which gave rise to the claim; (d) the minor was not deriving any profit from the horse he was riding, whereas in the case of Serrano

the owner of the farm was obtaining some profits; and finally, (e) in the case at bar the injured party was the minor, while in *Serrano* it was a third person.

■ We agreed that in cases such as the *Serrano* case, where a person who was not the owner of the animal which caused the damages was made liable, the person in question had enjoyed the possession of the animal for a long time or used the same for his economic profit, or for his convenience as in the case of the dog used as guardian of a property— *Ruiz* v. *Solís*, 61 P.R.R. 787 (1943). Using an animal may include, of course, using it for recreation purposes. But in the possession of the animal by someone other than the owner as well as in the fact of making use of it, there is, and we so hold, an implied element of frequency, continuity, duration, and condition, which was certainly missing in the case at bar in which the minor appellant was using the horse at the moment of the accident, by mere leave or authorization, through pay, and for the accidental enjoyment of an occasion, and for a brief period of minutes. In our opinion, under the circumstances of this case, not appellant, but appellee Ramos Cobián was the possessor or the usuary referred to in § 1805 of the Civil Code, and the one who possessed and exploited the business of hiring, or as in the case at bar, of authorizing the use of horses for rides through pay.

Appellees argue that appellant was a guest of "El Rancho" Hotel and that as such, he cannot obtain compensation in this action in the absence of evidence of the innkeeper's fault or negligence, as provided by § 4 of the Innkeeper's Act, Act No. 85 of June 23, 1956—10 L.P.R.A. § 714 (Supp. 1961).[1] It is alleged that appellant was a guest of said hotel because he was enjoying one of its recreation facilities at the

---

[1] The aforesaid § 4 of the Innkeeper's Act provides the following:

"Except as provided in sections 712 and 713 of this title, no innkeeper shall be liable to any guest for the loss or destruction of, or damage to any property which may be brought or left by him upon the premises of the hotel operated by such innkeeper; and shall in

moment in which the incident in question occurred. The aforesaid Innkeeper's Act includes under the concept of guest, any person, among others, who is "found in the premises of a hotel with the purpose of enjoying the facilities provided for recreation and amusement, such as restaurants, swimming pools, bars, stores and similar establishments." Section 13(d) of the Innkeeper's Act—10 L.P.R.A. § 711(d) (Supp. 1961).

We believe that the Innkeeper's Act is not applicable, since appellant was not a guest of the hotel in question because at the time of the accident he was neither "in the premises" of the hotel, nor enjoying one of the facilities listed or similar to those listed in § 13(d) of said statute. The principle of *noscitur a sociis* is applicable to this situation, *The People* v. *Benítez*, 19 P.R.R. 235, 242–3 (1913), as well as the principle of *inclusio unius est, exclusio alterius*, *Salgado* v. *Insular Racing Commission*, 49 P.R.R. 451, 453 (1936).

Since appellee is liable, as we have shown, the judgment of the Superior Court, Caguas Part, which in turn affirms that of the District Court, Caguas Part, will be reversed, and another one rendered ordering appellees to pay appellant the sum of one thousand dollars by way of damages, plus costs of the litigation.

no case be liable to any guest for any loss or damages occurring as a result of fire, windstorm, or other casualty, or as a result of any act, omission, or event not attributable to the fault or negligence of the innkeeper."